HOMER PARRACK v. THE STATE.

No. 15474. Delivered June 22, 1932.
Reported in 51 S. W. (2d) 711.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possessing intoxicating liquor for the purpose of sale; the punishment, two years in the penitentiary.

The state's testimony showed that four peace officers went out to appellant's house searching for him and when they drove up, appellant's wife was on the porch. Upon being advised by the wife of the appellant that, that was where he lived but he was not at home at the time, one of the officers then asked, "Where is that whisky or beer I smell?" and appellant's wife replied, "I don't know. We have got some hog feed souring," one of the officers then asked her if she had any objection to their searching the house and she said, "No." The officers' testimony was that they did not go to the house of the appellant for the purpose of searching it, and the evidence shows that they had no search warrant to search said house. Upon searching the house, the officers found in the kitchen a five-gallon keg with about two gallons of whisky in it, four or five empty whisky bottles, and in a kind of an "L" of the house they found an oil barrel laying on an iron furnace, which bore evidence that a fire had been built under it; that in the cellar they found two barrels of mash and a boiler of iron or copper which held about 75 gallons and was full of mash.

The appellant did not testify. His wife testified that, when the officers came to her house, she gave them permission to search the house, but that before she gave them permission they told her that they had a search warrant for the place, but did not tell her that they had any warrant for her husband.

By proper bill of exception, it is shown that the appellant objected to the state being allowed to show that the wife of the appellant gave the officers permission to search their house, on the ground that, even if the

appellant's wife did give such consent and permission to the officers, the result of said search would not be admissible against the appellant. The bill further shows that the appellant objected and excepted to paragraph 8 of the court's charge, said paragraph 8 being as follows: "Unless you believe from the evidence beyond a reasonable doubt, that the defendant's wife gave the officers permission to search defendant's residence, you will acquit the defendant."

The bill further shows that the appellant timely excepted to said paragraph because it was too restrictive of the rights of the appellant, in that it in effect authorized the jury to convict the defendant and to consider against him the circumstances proved of the finding in the house and near thereto of the intoxicating liquor in question, and if defendant's wife gave the officers so searching permission to search the house, that such charge should go further and instruct the jury that such consent must have been freely and voluntarily given, and should instruct the jury that, if such permission was obtained from the defendant's wife by the officer by such officer stating to her that he had a warrant to search the premises, and that if by such statements the defendant's wife was induced to give her consent to search such premises, or if the jury have a reasonable doubt that such permission of said wife was obtained in such manner, they should not consider such evidence for any purpose, and should acquit the defendant. The bill further shows that the trial court refused to amend his charge in any way so as to comply with said objection, and refused to submit to the jury the issue as to whether or not the officer or officers obtained permission from defendant's wife to search the private residence of defendant by means of stating to her that they had a search warrant for the place.

The record shows that paragraph 8 of said charge was the only portion of said charge wherein the court in any way submitted to the jury the question of the consent and permission given the officers by the defendant's wife to make such search.

The appellant's wife testified, in substance, that she gave permission to the officers to make the search, but she further testified that she did not make this statement to the officers until after they had told her that they had a search warrant to search the place. It became an issue, which, we think, should have been submitted to the jury, as to whether or not appellant's wife consented freely and voluntarily to said search, or whether or not said consent was merely an acquiescence to the search of said premises. because of the fact that she had been informed that the officers had a search warrant. In a case where the facts relied upon as a waiver are controverted positively and where the language used is ambiguous, it would be necessary that the question of waiver be determined by the jury. In a number of cases, it has been held that the mere acquiescence does. not constitute a waiver. We quote from Cornelius on Search and Seiz-

ure, sec. 16: "When an officer politely and decently and without physical force has assumed to act in his official capacity, a peaceable citizen should not resist the action even though he knows the officer is, as to the act, greatly exceeding his authority. The courts have repeatedly held that acquiescence under such circumstances will not be taken to be a consent to an unlawful search or arrest, but merely a peaceable submission to an officer of the law."

The facts in the present case are not unlike those in Dixon v. State, 108 Texas Crim. Rep., 650, 2 S. W. (2d) 272, 273. In that case the officers stated to Dixon that they had a search warrant under which they proposed to search his house, and Dixon said, "All right, go ahead." In rendering the opinion, Judge Lattimore said: "We are of the opinion that one who is informed by the officers that they have a search warrant under which they proposed to search his house, who says nothing further than, 'All right, go ahead,' cannot be held to thereby waive irregularities in the search warrant, or to have given his consent to the search without warrant." See, also, Arnold v. State, 110 Texas Crim. Rep., 529, 7 S. W. (2d) 1083; Frazier v. State, 119 Texas Crim. Rep., 217, 43 S. W. (2d) 597; Jordan v. State, 111 Texas Crim. Rep., 83, 11 S. W. (2d) 323; Hall v. State, 105 Texas Crim. Rep., 365, 288 S. W., 202.

Owing to the disposition we are making of this case, we deem it unnecessary to pass upon the question raised by the appellant as to whether or not the wife, in the absence of and without the consent of her husband, can give permission to a search of the private residence of herself and husband, and upon that issue are expressing no opinion.

Because of the failure of the trial court to submit to the jury the issue raised by the testimony of appellant's wife, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.