### SAMMIE MCGEE V. THE STATE.

No. 17443.   Delivered March 27, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*H. C. Hooser* and *Jno. B. Littler,* both of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting a spirituous liquor, to-wit: whisky; punishment being one year in the penitentiary.

W. W. Legge, a state highway patrolman, on March 6th, 1934, while returning to Big Spring on a motorcycle, observed an automobile going in the same direction. The car was being driven by appellant and was taking up the whole highway, which attracted Legge's attention. It was swinging from one side of the road to the other, running off on the dirt and then getting on the pavement again, swerving back and forth. Appellant was driving like he wasn't sure of himself. The officer followed the car into town and drove up beside it. Two other parties were in the car with appellant. The officer testified that he could smell liquor on their breaths, and after he "saw they had been drinking he thought he had better look for whisky." The officer opened the back of the car and saw some cases which appellant said had whisky in them. The officer then had appellant drive to jail and there eight cases of whisky were found in the car. Each case contained twenty-four pint bottles.

Appellant makes the point in bill of exception number two that the testimony of what was found in the car should not have been received because the officer had no search warrant and the search was made without "probable cause," and before appellant had been arrested. We regard the exact moment of time at which appellant and his companions were arrested as entirely immaterial. When objection was interposed to evidence revealed by the search the trial court made inquiry regarding the matter and qualifies the bill by incorporating substantially the same testimony hereinabove set out, and says he overruled the objection because he found probable cause existed

authorizing the search. We find nothing in the facts to challenge the court's holding in the premises.

It was not necessary for the court to submit the issue of "probable cause" to the jury. No issue of fact was made on that point. Appellant did not testify. He placed upon the witness stand one of the parties who was with him in the car. This witness' testimony was limited to a denial that he was drunk, and to his version that the officer looked in the car before appellant was arrested. He was not asked about whether he and the other parties were drinking, nor as to the manner in which the car had been operated on the road. Whether probable cause exists for searching an automobile is primarily a question of law for the court. McPherson v. State, 108 Texas Crim. Rep., 265, 300 S. W., 936; Lee v. State, 70 S. W. (2d) 185, in which many cases are collated. If the *facts* upon which the officer claims to have acted are controverted, it would become an issue for the jury under proper instructions. What we have said makes it apparent that in our opinion the court committed no error in refusing to give to the jury appellant's requested instructions numbers one, two and three, as brought forward in bills of exceptions numbers three, four and five.

We find no merit in appellant's bill of exception number one in which he complains because the sheriff was permitted to testify that when Legge brought appellant and the other parties to jail, one of them—not appellant—threw a bottle partly filled with whisky, under appellant's car, and that in the sheriff's opinion appellant was "lit," meaning that he was drunk.

It appears from bill of exception number six that after Legge had testified that he was a highway patrolman, and that he arrested appellant, objection was interposed that said officer had no authority to make such arrest. The court ascertained that Legge held a commission as a state highway patrolman, and overruled the objection. By Act of the 42d Legislature, page 278, ch. 164, sec. 1 (appearing in Vernon's Supp. to Tex. P. C., vol. 2, as sec. 16, art. 827a), it was provided as follows: "Said patrolmen when appointed shall be given a Commission signed by the Chairman and one other member of the State Highway Commission and attested by the Chief of the Department, and anywhere in this State they shall be charged primarily with the duty of enforcing all the State Laws relating to vehicles and traffic on the public highways; *and they are also vested with all the rights and powers of peace officers, to pursue and arrest any person for any offense when said person is found on the highway.*"

By article 802 and article 803, P. C., any peace officer is authorized to arrest without warrant any person who, while intoxicated, drives an automobile upon any public road or highway in this State. The statutes referred to seem to make clear the right of the highway patrolman to act in the premises.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant suggests certain things appearing in the mind of appellant's attorney to seriously reflect upon the State witness. Such matters are for the jury.

We are still of the opinion that the court did not err in declining to submit the issue of probable cause to the jury. As we stated in our original opinion, there was no controversy over the facts relied upon by the trial court as showing probable cause. In the absence of such controversy, no issue was made regarding the matter which would call for submission of same to the jury.

Being unable to agree with appellant in his contention, the motion for rehearing is overruled.

*Overruled.*