**Robert Allen JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56539.**

Court of Criminal Appeals of Texas,
Panel No. 2.

March 1, 1978.

Rehearing En Banc Denied
March 22, 1978.

Tom Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatu, David C. Schick and D. Mark Elliston, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for unlawfully carrying a weapon on premises licensed to sell alcoholic beverages, V.T.C.A. Penal Code, Sec. 46.02. Punishment, enhanced by proof of one prior felony conviction, was assessed by the jury at twelve years and a $3,000.00 fine.

Appellant contends the trial court erroneously refused to instruct the jury on the issue of the legality of the seizure of the pistol under the provisions of Article 38.23, V.A.C.C.P. Appellant's objection to the court's charge specifically pointed out his complaint and cited the statutory provision relied on. It was timely presented to the court and was overruled. Article 38.23, supra, provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

The terms of Article 38.23, supra, are clearly mandatory, the only issue being whether under the facts of a particular case an issue concerning the validity of the search is raised by the evidence. Where no such issue is raised by the evidence, the trial court acts properly in refusing such a request. *Fisher v. State*, Tex.Cr.App., 493 S.W.2d 841; *Stein v. State*, Tex.Cr.App., 514 S.W.2d 927. However, where such an issue of fact is raised, the defendant has a statutory right to have the jury charged. Even before it was a matter of statutory right, it was part of the case law. In *Boles*

*v. State*, 137 Tex.Cr.R. 521, 132 S.W.2d 881, 883, it is stated:

"Whether information received by the officers constituted probable cause is a question primarily for the court, but if the facts upon which the officers claim to act are controverted, it becomes an issue of fact for the jury under proper instructions."

In *Lee v. State*, 126 Tex.Cr.R. 18, 70 S.W.2d 185, 187, this Court held:

"A sharp issue was raised as to whether the facts existed which were claimed by the state to constitute probable cause. It has been the uniform holding in our decisions that whether probable cause exists for the search of an automobile was a question primarily for the court, but if the existence of the facts claimed to constitute probable cause is controverted, it then becomes an issue for the jury under appropriate instructions." and cases cited therein.

And in *McGee v. State*, 128 Tex.Cr.R. 456, 81 S.W.2d 683, 684, this Court held:

"If the facts upon which the officer claims to have acted are controverted, it would become an issue for the jury under proper instructions." See also *Parrack v. State*, 121 Tex.Cr.R. 210, 51 S.W.2d 711; *Stein v. State*, supra.

In the case before us appellant was at the Playmate Club, an establishment licensed to sell alcoholic beverages, when Officer Barnwell of the Dallas Police Department arrived with Betty Pruitt, a former friend of appellant.

Barnwell testified he sent Pruitt in first to locate appellant. When she came back out she told Barnwell where appellant was seated and how he was dressed. Barnwell then went in, identified himself to appellant as a police officer, and asked if he would come outside to talk. Appellant declined and Barnwell went outside alone to wait for additional officers he had previously requested as a cover unit. Two uniformed officers arrived and entered the club with Barnwell. They remained near the door while Barnwell went back to appellant and asked him if he was ready to go outside for a talk. Appellant walked out the front door with Barnwell and the other two officers behind. Once outside, Barnwell asked appellant to turn around, which he did and put his hands on the wall. A pat down search was conducted and the pistol introduced at trial was discovered in appellant's left boot. Appellant was then placed under arrest. Barnwell testified he saw no crimes committed by appellant in the club. Although he testified that appellant was not under arrest prior to the discovery of the pistol, he also testified that he would have talked to appellant at that time even if appellant did not want to talk, indicating appellant would not have been free to leave. Appellant's objection to the conversation between Barnwell and Pruitt just before he entered the club was sustained during Barnwell's testimony in the case in chief. When called on rebuttal, Barnwell testified that Pruitt told him just before he went in to talk to appellant that he always carried a 357 Magnum in his left boot and that he was armed and dangerous.

Pruitt, testifying for the defense, stated she was at the Playmate Club when appellant was arrested. She denied ever telling Barnwell that appellant always carried a gun or that he was armed and dangerous. She denied knowing appellant had a gun that night, denied ever seeing him carry a gun, and denied telling Barnwell he carried a 357 Magnum. She claimed she had not seen appellant for two weeks before his arrest and had no way of knowing whether he was carrying a gun.

The State's brief in response to this ground of error asserts in conclusory fashion that no issue concerning the validity of the search is raised by the evidence. In reply to another ground of error, the State asserts the search was a lawful pat down to determine if appellant was armed.[1] Such a

---

1. In its reply to that other ground of error, the State also argues Barnwell was authorized to make a warrantless arrest on the facts known to him at the scene. Apparently the State relies on testimony that Pruitt told Barnwell that a third person had told her appellant had

search, however, must be supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889; *Keah v. State*, Tex.Cr.App., 508 S.W.2d 836. While Barnwell testified to information received from Pruitt supporting such a conclusion, Pruitt also testified and specifically denied giving such information. Thereby a fact issue on the admissibility of the gun under Article 38.23, supra, was raised.

 In *Rose v. State*, Tex.Cr.App., 470 S.W.2d 198, 200, we held that the evidence therein did not require the submission of an Article 38.23 charge to the jury. We observed:

"*No witness was called by the appellant to controvert the testimony of the officers. The cross-examination did not raise a fact issue on the right to arrest.* Therefore, the court did not err in refusing the charge." (Emphasis added.)

In the present case, such an issue of fact was raised by Pruitt's testimony. For this reason, we hold that reversible error was committed when the trial court refused to instruct the jury as to the issue of the legality of the search and seizure of the gun as required by Article 38.23, supra.

Accordingly, the judgment is reversed and the cause remanded.

committed a burglary under investigation by Barnwell. This burglary was the subject Barnwell wished to discuss with appellant. Barnwell admitted he had no knowledge of the credibility or reliability of either Pruitt or the third person, and further testified he did not approach appellant to arrest him, but only to investigate the burglary. Furthermore, none of the evidence on this theory was presented before the jury, and thus would in no event have any bearing on submission of the fact issue under Article 38.23, supra, which was raised by the evidence before the jury.