Anthony Taylor MITCHELL, Appellant,

v.

The STATE of Texas, Appellee.

No. A14-81-325-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 4, 1982.

Douglas O'Brien, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction by a jury for the offense of possession of a controlled substance, heroin. Punishment, enhanced by a prior felony conviction for the same offense, was assessed by the jury at 20 years confinement in the Texas Department of Corrections.

Appellant contends (1) the trial court erred in denying his motion to suppress and allowing into evidence heroin which was obtained in an unreasonable search and (2) the trial court erred in refusing to instruct the jury on the issue of the legality of the search and seizure under the provisions of article 38.23 of the Texas Code of Criminal Procedure.

We overrule both grounds of error and affirm the judgment of the trial court for the reasons discussed below.

While on patrol in the early morning hours of February 11, 1980, two Houston police officers observed an automobile with a dangling rear license plate. The officers circled the block while they called in the license tag number over their radio and learned that the license plate was not registered to the automobile they had observed. Their suspicions aroused, the officers approached the automobile. For their safety the officers searched appellant (the driver) and a female passenger. While one officer escorted the female to the patrol car and searched her, the other officer conducted a self-protective "pat" search of appellant. The officer testified that he first patted appellant's waist area because "this is the area of the person that I most often find weapons." He then patted the chest area and found a syringe in appellant's jacket pocket. A search of appellant's pants pockets then disclosed some pills wrapped in clear cellophane and a match box. The officer testified that when he recovered the pills, which appeared to him to be "preludin," he placed the suspect under arrest for possession of a controlled substance, handcuffed appellant, and placed him in the patrol car. The officer subsequently looked into the match box and discovered that it contained six foil packets, the contents of which eventually constituted the basis for the instant indictment and conviction. The six packets were shown at trial to contain a total of 1.25 grams of heroin.

■ A police officer's self-protective search for weapons is justified so long as the police officer is able to point to specific and articulable facts from which he reasonably inferred that the individual searched was armed and dangerous. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Christian v. State*, 592 S.W.2d 625 (Tex.Cr.App.1980). "The officer need not be absolutely certain that the individual is armed; the issue is whether the reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. at 1883.

■ In the instant case the officers were properly investigating a person who they had observed driving an automobile bearing a license plate assigned to a different vehicle in violation of Tex.Civ.Stat.Ann. art. 6675b–7 (Vernon 1977). The officers unquestionably had probable cause for the initial detention and investigation. The record reveals that the investigation proceeded at close range at 3:30 in the morning at a location known to the officers to be frequented by people who deal in drugs and stolen property and where they had received numerous assault calls. In our opinion a reasonably prudent man would be warranted in the belief that his safety was in danger in this circumstance and, therefore, the facts are sufficient to justify the intrusion of a self-protective, patdown search of appellant's outer clothing.

■ Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime. *Brown v. State*, 481 S.W.2d 106, 110 (Tex.Cr.App.1972). *See: Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Brinegar v.*

*United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). A search for narcotics may be justified where an officer's search for weapons unexpectedly produces evidence providing or contributing to probable cause to believe that the person being searched possesses narcotics. *Guzman v. Estelle*, 493 F.2d 532 (5th Cir. 1974). In order to justify a warrantless arrest or search, the State must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made it impracticable to procure a warrant. *Brown v. State, supra. See: Chambers v. Maroney, supra; Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

■ Considering the circumstances as a whole, after appellant was removed from his automobile and frisked and the syringe discovered, the officers clearly had probable cause to believe appellant was violating the Texas Controlled Substances Act and were justified in searching appellant. Once the cellophane-wrapped tablets were discovered in appellant's pants pocket, the facts and circumstances within the officers' personal knowledge had ripened into probable cause for the arrest then effected by the officers. The subsequent examination of the contents of the match box was incident to a valid arrest. In our opinion the search was reasonable at each stage of the development of events and, therefore, the trial court did not err in admitting the fruit of that search, the heroin, into evidence.

Appellant's reliance on *Davis v. State*, 576 S.W.2d 378 (Tex.Cr.App.1979) and *Keah v. State*, 508 S.W.2d 836 (Tex.Cr.App.1974) in support of his contention is misplaced. In *Keah* the initial search exceeded the permissible scope of a limited, patdown frisk; in *Davis* probable cause was lacking. The Texas Court of Criminal Appeals has applied the standards of *Terry v. Ohio* in circumstances more closely approximating those of the instant case. *See e.g., Milton v. State*, 549 S.W.2d 190 (Tex.Cr.App.1977); *Perez v. State*, 548 S.W.2d 47 (Tex.Cr.App. 1977); *Ablon v. State*, 537 S.W.2d 267 (Tex. Cr.App.1976).

■ In his second ground of error appellant contends that the trial court erroneously refused to instruct the jury on the issue of the legality of the seizure of the heroin under the provisions of Tex.Code Crim.Pro. Ann. art. 38.23 (Vernon 1979).

Article 38.23 provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted into evidence against the accused on the trial in a criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of the Article, then and in such event, the jury shall disregard any such evidence so obtained.

Appellant complains that he made timely objection to the court's charge, citing the above statute to the court. The record also reveals, however, that appellant testified before the jury that no contraband whatsoever was found on his person. Appellant introduced no evidence to controvert the State's evidence in regard to the facts surrounding the search. The cross-examination testimony of the officers was consistent with their testimony under direct examination.

■ Where a fact issue is not raised on the right to arrest, article 38.23 does not require a charge on that issue. *Rose v. State*, 470 S.W.2d 198 (Tex.Cr.App.1971). The same rule applies to the right to search. *See: Jordan v. State*, 562 S.W.2d 472 (Tex. Cr.App.1978). Appellant did not introduce or develop evidence to bring into issue the legality of the search; his denials did no more than bring the veracity of the testifying officers into question. In our opinion the court below did not commit error in refusing to instruct the jury to consider the legality of the search.

Affirmed.