Anthony Taylor MITCHELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 268–82.

Court of Criminal Appeals of Texas, En Banc.

Feb. 9, 1983.

Douglas M. O'Brien, Houston, court appointed on appeal only, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The Houston (14th) Court of Appeals affirmed the judgment of conviction for possession of heroin after overruling two grounds of error pertaining to a search of the person of appellant. *Mitchell v. State,* 632 S.W.2d 774 (Tex.App.—Houston (14th) 1982). We granted appellant's petition for discretionary review in order to determine whether the court misconstrued provisions of the Texas Controlled Substances Act, Article 4476–15, V.A.C.S., and also whether its overruling the second ground of error is in conflict with the opinion of this Court in *Jordan v. State,* 562 S.W.2d 472 (Tex.Cr. App.1978) on the point that a denial of possession created a fact issue such that obliged the trial court to submit to the jury an issue of legality of the search and seizure under Article 38.23, V.A.C.C.P. See Tex.Cr.App. Rule 302(c)(3) and (4).

The key used by the court below to open the door to an invasion of the privacy of the person of appellant is: "Considering the circumstances as a whole, after appellant was removed from the automobile and frisked and the syringe discovered, the officers clearly had probable cause to believe appellant was violating the Texas Controlled Substances Act." *Mitchell v. State,* supra, at 774. We must disagree with that finding.

The incident in question occurred February 11, 1980.

The officer who extracted a syringe from the jacket pocket of appellant did not otherwise describe it or its content, if any.[1] Rather, he put the syringe and other items taken from appellant in a pocket of his own jacket and later turned them in for analysis. Thus, from what appears in the record at this point the State failed to prove that the syringe was "a hypodermic syringe, needle or other instrument that has on it any quantity (including a trace) of a controlled substance in Penalty Group 1 or 2 with intent to use it...," as § 4.07(a) of the Texas Controlled Substances Act then required.

It was not unlawful "for a citizen to possess one of what must be thousands of syringes legally sold every day" *unless* contaminated with the requisite controlled substance. *Gill v. State,* 625 S.W.2d 307, 313

---

1. In its brief the State concedes the record shows that the officer "had not received information justifying a warrantless arrest under Article 14.04, V.A.C.C.P."

(Tex.Cr.App.1980) (Concurring Opinion). The chemist to whose laboratory the syringe and other items seized were delivered testified:

"Q: Did you run any test on this thing? Did you run a test of any kind on this exhibit?

A: Yes, I did.

Q: Did it contain anything?

A: No detectible item, no.

Q: When you say 'no detectible,' what do you mean?

A: On the instruments we have, it did not show that there was anything in the syringe."

Accordingly, the Court of Appeals erred in finding that discovery of the syringe constituted probable cause for the officer to believe that appellant was committing an offense under the Texas Controlled Substances Act in effect at the time. We need not decide the second question.[2]

The judgment of the Court of Appeals is reversed, the judgment of conviction is reversed and the cause is remanded to the trial court.

ODOM and TOM G. DAVIS, JJ., concur in result.

---

2. However, the view is expressed that *Jordan v. State,* supra, does not teach that testimony of an accused denying possession of a controlled substance raises a fact issue as to legality of the search that turned up that contraband.

In *Jordan* the issue was raised when an arresting officer testified he acted on information supplied by an informant, yet the informant testified also, and she "specifically denied giving such information." *Id.,* at 473–474.