NO. 07-02-0389-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 4, 2003



______________________________




VINCE LEE SIMNACHER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF LAMB COUNTY;



NO. 13,563; HONORABLE DANNY BYERS, JUDGE



_______________________________



Before JOHNSON, C.J., CAMPBELL, J., and BOYD, S.J. (1) 

ON ABATEMENT AND REMAND


 Appellant Vince Lee Simnacher was convicted of the offense of driving while
intoxicated and, on June 25, 2002, sentence was imposed at 180 days confinement in the
Lamb County Jail and a fine of $1,000. Appellant timely perfected his appeal and the
clerk's record was filed on October 3, 2002. The reporter's record was also filed on that
date. However, nothing further has been done to perfect the appeal. 

 On March 20, 2003, by direction of the court, appellant and his attorney were
notified that no appellate brief had been filed and no motion for extension of time within
which to file the brief had been received by us. They were further notified that if a
satisfactory response was not received by April 1, 2003, the appeal would be abated to the
trial court pursuant to Texas Rule of Appellate Procedure 38.8.

 By letter dated March 31, 2003, appellant's counsel notified this court that his client
had decided to dismiss the appeal and as soon as counsel got the motion to dismiss back
from his client, it would be forwarded to us. However, we have never received such a
motion.

 This state of the proceedings requires us to abate the appeal and remand the case
to the County Court of Lamb County to conduct the hearings mandated by Texas Rule of
Appellate Procedure 38.8. Upon remand, the judge of the trial court shall immediately
cause proper notices to be given and conduct a hearing to determine:

 1. If appellant still desires to pursue his appeal.

 2. If appellant is indigent and the appointment of an attorney is necessary.

 3. If it be determined that the appointment of an attorney is necessary, the
name, address, and State Bar of Texas identification number of the attorney
appointed.


 4. If appellant is not indigent, whether he has failed to make the necessary
arrangements for prosecuting his appeal, and if he has not done so, what
orders are necessary to ensure those arrangements are made.


 5. If any other orders are necessary to ensure the diligent and prompt
pursuit of appellant's appeal.


 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental records shall be submitted to this court not later than
July 7, 2003.

 It is so ordered.

 Per Curiam 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



rial of any criminal case.


 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and
in such event, the jury shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 

 Appellant urges he was entitled to such an instruction because there was a factual
dispute as to the circumstances surrounding the basis for his arrest and, therefore, the
subsequent discovery and seizure of the methamphetamine. A jury instruction under
article 38.23 is required only when there is a factual dispute concerning the legality of the
seizure of evidence. Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004); Pierce v.
State, 32 S.W.3d 247, 251 (Tex.Crim.App. 2000); Wesbrook v. State, 29 S.W.3d 103, 121
(Tex.Crim.App. 2000). In this case, the trial court overruled Appellant's objection to the
failure of the charge to include an instruction under article 38.23, stating, "The Court is of
the opinion that that is a legal issue as opposed to a factual issue. The Court will deny
your request." Accordingly, we must first determine whether there was a factual issue
requiring an article 38.23 instruction. 

 For purposes of determining whether an article 38.23 instruction is required, a
factual issue exists when there is evidence that controverts those facts relied upon by the
officer to establish probable cause for the arrest. See Garza, 126 S.W.3d at 85-88. A fact
issue concerning whether the evidence was legally obtained may be raised from any
source and it does not matter whether the evidence is "strong, weak, contradicted,
unimpeached, or unbelievable." Id. at 85. If the defendant successfully raises a factual
dispute over whether the evidence was legally obtained, inclusion of a properly worded
article 38.23 instruction is mandatory. Jordan v. State, 562 S.W.2d 472, 473
(Tex.Crim.App. 1978). Where there are no disputed fact issues, the determination of
probable cause to arrest is a legal issue and there is no need to charge the jury on that
issue. Bell v. State, 938 S.W.2d 35 (Tex.Crim.App. 1996). 

 Considering the testimony in the present case, we agree with Appellant that there
was conflicting evidence regarding the circumstances leading to his arrest for kidnapping. 
Corporal O'Neill did not base his arrest on the struggle or potential assault he had
observed because he testified that he would have released Appellant had he determined
that the kidnapping allegations were wrong. He testified that he arrested Appellant based
on "[t]he initial information received, the uninvolved witness information, and the victim's
information." He did not, however, elaborate regarding the details of this information. His
only testimony concerning the basis for Appellant's arrest was that the initial complaint
referenced a possible abduction and the fact that he observed Appellant holding Lorie's
arm and "struggling" with her in front of the residence.

 Meanwhile, Lorie, the alleged victim of the kidnapping, elaborated further on the
events leading to Appellant's arrest. She testified that, prior to the incident, she had
decided to stop seeing Appellant and return to her husband, Alberto. While shopping at
Big Lots, Appellant approached her and began pleading with her not to leave him. At some
point during their encounter, Alberto called her on her cell phone and asked if he should
"call the cops." She replied, "Yes, whatever it takes." Lorie eventually agreed to follow
Appellant back to his house. However, she ultimately drove Appellant to his house in her
car because he promised her that he would get her a "20" of methamphetamine. 

 When they arrived at Appellant's house, Appellant tried to persuade her to come
inside. But she refused and told him to "just go in and get what I need, and let me leave." 
As the two talked in the front yard, the police and Alberto arrived. Lorie testified that when
they saw the police, Appellant was not holding her arm and they were not struggling. 
When the officers approached, Lorie told them, "It's okay. It's okay." She also told
Appellant "not to worry" and "everything would be okay." When Appellant was handcuffed
and placed in the patrol car, Lorie stated that it was "shocking" and she became upset and
confused as to why the officers were arresting him. 

 Regarding her discussions with the officers, Lorie recalled telling them about the
argument at Big Lots but also recalled telling them that she did not believe she had been
kidnapped. She testified that when she told the officers everything was okay, Alberto
squeezed her arm and whispered "shut the fuck up, bitch."

 We conclude Lorie's testimony raised a factual dispute as to Appellant's arrest 
because that evidence, if believed, negated some of the facts asserted by Corporal O'Neill
as the grounds for probable cause to arrest Appellant. Considering the conflicting
accounts as to the facts surrounding Appellant's original detention and subsequent arrest,
we agree that the evidence at least raised a factual dispute regarding whether Corporal
O'Neill had probable cause to arrest Appellant for kidnapping. Consequently, we find that
the trial court erred when it refused Appellant's request for an instruction pursuant to article
38.23.

 Having determined that the trial court erred, we now consider whether there was
sufficient harm to require reversal. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1984) (op. on reh'g). The standard for determining whether sufficient harm resulted from
the charge error to require reversal depends upon whether the appellant made a timely
objection to the charge. Id. When, as here, the appellant has made a timely objection,
charge error will require reversal "only as long as the error is not harmless." Id. The
degree of harm may be determined in light of the entire jury charge, the state of the
evidence, including the contested issues and the weight of the probative evidence, the
arguments of counsel, and any other relevant information in the record. Id.

 In the present case, if instructed pursuant to article 38.23, the jury could have
believed Lorie's testimony and determined that Corporal O'Neill was not justified in
arresting Appellant for her kidnapping. In that event, they would have been instructed to
disregard the drug evidence obtained as a result of the search incident to the arrest. See 
art. 38.23. Because the jury was not provided this option, we conclude the trial court's
failure to provide an article 38.23 instruction was harmful and sustain Appellant's fifth
issue. Our disposition of this issue pretermits Appellant's remaining issues.

 Accordingly, we reverse the trial court's judgment and remand the cause for further
proceedings.


 Patrick A. Pirtle

 Justice



Publish.
1. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).