NO. 07-04-0064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 24, 2005

______________________________

ROY S. RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-O3K-174; HONORABLE ROLAND SAUL, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, appellant Roy S. Rodriguez was convicted by a jury of possession with intent to deliver cocaine in the amount of four or more grams but less than 200 and sentenced to 18 years confinement and a $5,000 fine and possession of marihuana in the amount of four ounces but less than five pounds and received a two year suspended sentence.
(footnote: 1)  Presenting three issues, appellant asserts trial court error in (1) denying his request for an article 38.23 jury instruction on the basis there was no factual dispute on how the contraband was obtained; (2) admitting into evidence in violation of federal and Texas law his oral statement claiming ownership of the cocaine because it was involuntarily given; and (3) holding that his unrecorded oral statement claiming ownership of the cocaine was not the product of interrogation.  We affirm.

Based on a tip from a confidential informant that cocaine was in appellant’s residence, officers obtained and executed a search warrant.  Upon gaining entry, officers located appellant in a bathroom, handcuffed him, and escorted him to the living room.  His common law wife and four young children were also present and were directed to remain in the living room until the premises were secured.  
Miranda
(footnote: 2) warnings were administered to both adults. 

Officer Murray Hazlett asked appellant if there was anything he wished to tell him, and he admitted being in possession of a substantial quantity of marihuana.  He led an officer to its location in a bedroom closet.  A thorough search of the residence resulted in a large quantity of cocaine being found in a canister with a false bottom that was on the kitchen table.  Officer Hazlett remarked generally, “[w]hat’s this?”  Appellant claimed he had no knowledge of the cocaine.  A few minutes later appellant overheard two officers discussing whether to also arrest his wife due to the quantity of narcotics found.  He then admitted ownership of the cocaine.  Considering the quantity of narcotics found and other paraphernalia, appellant was charged in a two count indictment with possession with intent to deliver cocaine of four grams or more but less than 200 and possession of marihuana of five pounds or less but more than four ounces. 

By his first issue, appellant maintains the trial court erred in denying his request for an instruction under article 38.23(a) of the Texas Code of Criminal Procedure Annotated (Vernon 2005), because the evidence raised a fact issue on whether the cocaine was legally obtained.  We disagree.  Article 38.23(a) provides that an instruction to disregard evidence be included in the charge if the legal evidence raises a factual dispute on how the evidence was obtained.  Following a hearing on appellant’s bill of exception at which he submitted a proposed charge containing an article 38.23(a) instruction, the trial court ruled there was no factual dispute regarding the way the evidence was obtained and denied the request for the instruction.

Appellant asserts he was entitled to an article 38.23(a) instruction because the facts alleged to support the probable cause affidavit were controverted.  He also contends testimony presented by him and his wife raised a factual dispute on whether the cocaine was legally seized.  

The State contends the evidence was obtained pursuant to a valid search warrant based upon probable cause provided by a confidential informant.  The confidential informant told officers he personally observed cocaine in appellant’s possession at appellant’s residence within the 72-hour period preceding execution of the warrant.  The State also asserts that denial of possession of contraband by a defendant does not raise a factual dispute on how evidence was obtained.  If so, the State argues, an article 38.23(a) instruction would be mandatory in every case where a defendant denied possession of contraband.

Appellant initially denied knowledge of the cocaine.  He explained that a friend had visited the weekend before the arrest and had been using cocaine in his home.  He claimed he had never seen the canister containing approximately $8,000 in cocaine and believed it must have been left there by his friend.  Denial of possession by a defendant does not create a fact issue that obliges the trial court to submit an article 38.23(a) instruction.  
See
 
generally
 Mitchell v. State, 645 S.W.2d 295, 297 n.2 (Tex.Cr.App. 1983) (explaining that Jordan v. State, 562 S.W.2d 472, 473 (Tex.Cr.App. 1978), which involved denial of information by an informant which the court concluded raised a fact issue on the validity of a pat down search, does not teach that denial by an accused of possession of a controlled substance raises a fact issue regarding the legality of a search).

Appellant also argues that his wife’s testimony created a factual dispute.  She testified she had never seen appellant in possession of cocaine and denied that the cocaine belonged to him.  However, the evidence established that appellant and his wife had been separated for two weeks prior to the arrest and she and the children had been living elsewhere.  She was at the residence on the day the warrant was executed to pick up her children and although she and appellant had reconciled, she had not moved back in.  Her testimony was, therefore, insufficient to raise a fact issue regarding the probable cause affidavit in support of the search warrant.  There being no factual dispute on the legality of the search and seizure of cocaine, the trial court did not err in denying appellant’s request for an article 38.23(a) instruction.  Issue one is overruled.

By his second and third issues, appellant contends the trial court erred in admitting into evidence his oral confession claiming ownership of the cocaine because it was involuntary under federal and Texas law and was the product of custodial interrogation,  which required that it be electronically recorded.  Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) (Vernon 2005).  Because both contentions stem from a controversy on whether appellant was induced into admitting ownership of the cocaine in exchange for his wife’s release, we will consider them simultaneously.

A confession is admissible only if voluntarily given.  Jackson v. Denno, 378 U.S. 368, 385-86, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).  It must be free and voluntary and it must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by exertion of any improper influence.  Malloy v. Hogan, 378 U.S. 1, 7, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).  A threat made by law enforcement to arrest or punish a close relative or a promise to free a relative of a suspect in exchange for a confession may render the suspect’s confession inadmissible.  Roberts v. State, 545 S.W.2d 157, 161 (Tex.Cr.App. 1977).  However, where no express or implied promise or threat is made by law enforcement, a suspect’s belief that his cooperation will benefit a relative will not render a confession inadmissible.  
Id.

A trial court’s ruling on admission of evidence is reviewed for abuse of discretion.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App. 2000).  The standard is the same for a trial court’s ruling on a motion to suppress.  
Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999).
 
 We apply a bifurcated standard of review giving almost total deference to the court’s determination of historical facts and reviewing 
de novo
 its application of the law to those facts.  Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000); 
see also
 Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).  The evidence should be viewed in the light most favorable to the court’s ruling.  Armendariz v. State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), 
cert. denied
, 541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004); State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). 
 In a suppression hearing the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  
Ross
, 32 S.W.3d at 855.  
 

At a hearing on appellant’s motion to suppress, Officer Hazlett testified that after the cocaine was discovered in the kitchen, he and one of his deputies discussed whether to arrest both adults in the home due to the quantity of cocaine.  According to Hazlett, appellant, who was in the living room on the other side of a partition or bar, must have overheard them and, within minutes, asserted his wife “didn’t know anything about this” and admitted ownership of the cocaine.  Although appellant testified he had overheard the officers discussing whom to arrest, he testified, contrary to Hazlett, that he was induced into admitting ownership of the cocaine to secure his wife’s release.  Appellant’s wife testified she could not remember if an officer asked appellant “what’s this,” but likewise maintained appellant confessed in exchange for her release.

Appellant maintains his trial testimony demonstrating that his confession was induced by a promise of leniency for his wife was not challenged by the State on cross-examination.  However, during the State’s case-in-chief, Officer Hazlett testified that appellant overheard officers discussing whom to arrest and spontaneously admitted ownership of the cocaine and claimed his wife didn’t know anything.

We acknowledge that uncontroverted testimony of an accused that a confession was obtained in a coercive manner renders it inadmissible as a matter of law.  Sinegal v. State, 582 S.W.2d 135, 137 (Tex.Cr.App. 1999).  The evidence on the voluntariness of appellant’s confession, however, was controverted.  As trier of fact, the trial court was the exclusive judge of the credibility of the witnesses and the weight to be afforded their testimony in determining the voluntariness of appellant’s confession.  Burks v. State, 583 S.W.2d 389, 393 (Tex.Cr.App. 1979).  The trial court had the duty and responsibility to resolve the controverted facts and did so favorably to the State.  Moore v. State, 700 S.W.2d 193, 202-03 (Tex.Cr.App. 1985), 
cert. denied
, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). 

We do not overlook appellant’s reliance on Tovar v. State, 709 S.W.2d 25 (Tex.App.–Corpus Christi 1986, no pet.), to support his argument that his confession was induced.  However, it is distinguishable.  In 
Tovar
, the defendant’s confession was held inadmissible because it was obtained by a promise of leniency for his pregnant wife.
  Id.
 at 29. 
 The investigator
 affirmatively testified on cross-examination that Tovar was induced into confessing to possession of marihuana that had been seized from a car owned by his wife so charges would not be filed on her.  
Id
. at 28.  

In the underlying case, there is no evidence of a direct or implied promise, improper influence, or threat by any officers.  Although appellant and his wife testified that appellant was induced into confessing, he also testified that when he overheard officers ask “what’s this” upon finding the cocaine, he indicated “[t]hey weren’t saying it loud, like, to me or anything. . . .  They weren’t really asking me anything.”  Officer Hazlett testified that appellant must have overheard officers discussing whether to arrest both adults and a few minutes later confessed.  We conclude the trial court’s ruling that appellant’s confession was admissible because it was voluntary and was not an abuse of discretion.  Issue two is overruled.

Appellant contends his oral confession was the result of interrogation while in custody and should have been electronically recorded as required by article 38.22, section 3(a)(1) of the Texas Code of Criminal Procedure.  We disagree.  Article 38.22 generally precludes the use of statements that result from custodial interrogation, absent compliance with procedural safeguards.  Shiflet v. State, 732 S.W.2d 622, 623 (Tex.Cr.App. 1985).  Section 3(a)(1) prohibits admission of an oral statement unless an electronic recording is made.  However, section 5 specifically exempts statements that do not stem from custodial interrogation or that are voluntary.  The State concedes that appellant was in custody.  Thus, the decisive question is whether appellant’s oral confession was the result of interrogation.

Interrogation refers not only to express questioning, but also to words or actions of police officers that they should know are reasonably likely to elicit an incriminating response from a suspect.  Rhode Island v. Innis, 446 U.S. 291, 299-302, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).  
See also
 Morris v. State, 897 S.W.2d 528, 531 (Tex.App.–El Paso 1995, no pet.).  As conceptualized in 
Miranda
, interrogation must reflect a measure of compulsion above and beyond that inherent in custody itself.  
Innis
, 446 U.S. at 300.  When a suspect in custody spontaneously volunteers information that is not in response to interrogation by officers, the statement is admissible even though not recorded because it is not the product of custodial interrogation.  Stevens v. State, 671 S.W.2d 517, 520 (Tex.Cr.App. 1984).

As analyzed above, appellant, who was in the living room, spontaneously claimed  ownership of the cocaine after overhearing officers in the kitchen discuss whether his wife would be arrested.  There is no evidence of interrogation by words or actions on the part of the officers that elicited appellant’s confession regarding the cocaine.
(footnote: 3)  By his own testimony, appellant admitted he was not directly questioned or spoken to when Officer Hazlett remarked, “what’s this.”  The confession was not obtained through some measure of compulsion distinct from any compulsive effect inherent in being placed in custody.  Smith v. State, 60 S.W.2d 885, 889 (Tex.App.–Amarillo 2001, no pet.).  Without such compulsion, direct or indirect, appellant’s confession did not arise from custodial interrogation.  The trial court’s ruling that appellant’s confession was not the result of custodial interrogation is supported by the record.  Thus, there was no requirement that the confession be electronically recorded.  Issue three is overruled. 

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Appellant does not challenge the conviction for possession of marihuana.

2:
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). 

3:
Appellant admitted possessing marihuana when asked if there was anything he wished to tell the officers upon their entry into the residence.  However, he does not challenge the marihuana conviction and we decline to hold that the inquiry resulted in interrogation regarding the cocaine which was not found until later.  Appellant testified that during the interim several officers were in the living room with him but did not question him nor speak to him.