NO. 07-05-0459-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 6, 2007



______________________________




PETER RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-408002; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

 Following a plea of not guilty, Appellant, Peter Rodriguez, was convicted by a jury
of possession of a controlled substance with intent to deliver and sentenced to fifteen years
confinement and a $10,000 fine. Presenting five issues pertaining to two general
categories of alleged error, he contends the trial court erred by (1) overruling his motion
to suppress evidence and (2) denying his request for a jury charge instruction pursuant to
article 38.23 of the Code of Criminal Procedure. (1) Based on the following analysis, we
reverse and remand.

Background Facts


 During a search incident to a warrantless arrest, a Lubbock police officer discovered
methamphetamine concealed in a pouch in Appellant's pants. Appellant was arrested for
kidnapping his girlfriend, Lorie Frerran. According to the testimony, Corporal Scott O'Neill
of the Lubbock Police Department responded to a call from Lorie's estranged husband,
Alberto Frerran, that Lorie had possibly been abducted from a Big Lots parking lot. When
he arrived at the scene, Corporal O'Neill spoke with Alberto and an unidentified witness. 
Alberto identified Appellant as the suspected abductor and pointed out Appellant's car in
the parking lot. From the vehicle information, Corporal O'Neill was able to confirm that
Appellant was the vehicle's registered owner and obtain Appellant's address. He and
several other officers then drove to the address in an attempt to locate Appellant and Lorie.

 Corporal O'Neill testified that as they approached the residence, he observed
Appellant "struggling" with Lorie in the front yard and holding her arm. Appellant was
immediately handcuffed and placed in the back of a patrol car. Corporal O'Neill advised
Appellant that he was not under arrest but in "protective custody" until he could determine
what was going on. After speaking with the other parties, Corporal O'Neill informed
Appellant that he was under arrest for kidnapping and transported him to a holding facility. 
An inventory search of Appellant's person revealed $184 in small bills, two digital scales,
and a brown felt pouch containing several plastic baggies of a substance later determined
to be methamphetamine.

 Appellant was subsequently charged with possession of methamphetamine with
intent to deliver. Prior to trial, citing the Fourth Amendment to the United States
Constitution and article 38.23 of the Code, Appellant moved to suppress the evidence
obtained during the search claiming that the officer did not have probable cause to arrest
him for kidnapping. The trial court, however, stated its belief that the officer "acted in good
faith" and denied the motion. Similarly, at the conclusion of the evidence, Appellant
requested a charge instruction pursuant to article 38.23 that would have required the jury
to disregard any evidence obtained as the result of an unlawful arrest. But the trial court
denied the request stating that it was "a legal issue as opposed to a factual issue." 
Appellant was subsequently convicted and filed this appeal.

Charge Error

 By his fifth issue, Appellant contends the trial court erred in overruling his objection
to the charge of the court and his request for an instruction under article 38.23. When
reviewing the record for jury charge error, we must first determine whether error actually
exists, and second, whether sufficient harm resulted from the error to require reversal of
the conviction. Hutch v. State, 922 S.W.2d 166, 170-71 (Tex.Crim.App. 1996) (citing
Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)). See also Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 2006). 

Article 38.23 Instruction


 Article 38.23 of the Code of Criminal Procedure provides, in relevant part, as
follows:

 (a) No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.


 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and
in such event, the jury shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 

 Appellant urges he was entitled to such an instruction because there was a factual
dispute as to the circumstances surrounding the basis for his arrest and, therefore, the
subsequent discovery and seizure of the methamphetamine. A jury instruction under
article 38.23 is required only when there is a factual dispute concerning the legality of the
seizure of evidence. Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004); Pierce v.
State, 32 S.W.3d 247, 251 (Tex.Crim.App. 2000); Wesbrook v. State, 29 S.W.3d 103, 121
(Tex.Crim.App. 2000). In this case, the trial court overruled Appellant's objection to the
failure of the charge to include an instruction under article 38.23, stating, "The Court is of
the opinion that that is a legal issue as opposed to a factual issue. The Court will deny
your request." Accordingly, we must first determine whether there was a factual issue
requiring an article 38.23 instruction. 

 For purposes of determining whether an article 38.23 instruction is required, a
factual issue exists when there is evidence that controverts those facts relied upon by the
officer to establish probable cause for the arrest. See Garza, 126 S.W.3d at 85-88. A fact
issue concerning whether the evidence was legally obtained may be raised from any
source and it does not matter whether the evidence is "strong, weak, contradicted,
unimpeached, or unbelievable." Id. at 85. If the defendant successfully raises a factual
dispute over whether the evidence was legally obtained, inclusion of a properly worded
article 38.23 instruction is mandatory. Jordan v. State, 562 S.W.2d 472, 473
(Tex.Crim.App. 1978). Where there are no disputed fact issues, the determination of
probable cause to arrest is a legal issue and there is no need to charge the jury on that
issue. Bell v. State, 938 S.W.2d 35 (Tex.Crim.App. 1996). 

 Considering the testimony in the present case, we agree with Appellant that there
was conflicting evidence regarding the circumstances leading to his arrest for kidnapping. 
Corporal O'Neill did not base his arrest on the struggle or potential assault he had
observed because he testified that he would have released Appellant had he determined
that the kidnapping allegations were wrong. He testified that he arrested Appellant based
on "[t]he initial information received, the uninvolved witness information, and the victim's
information." He did not, however, elaborate regarding the details of this information. His
only testimony concerning the basis for Appellant's arrest was that the initial complaint
referenced a possible abduction and the fact that he observed Appellant holding Lorie's
arm and "struggling" with her in front of the residence.

 Meanwhile, Lorie, the alleged victim of the kidnapping, elaborated further on the
events leading to Appellant's arrest. She testified that, prior to the incident, she had
decided to stop seeing Appellant and return to her husband, Alberto. While shopping at
Big Lots, Appellant approached her and began pleading with her not to leave him. At some
point during their encounter, Alberto called her on her cell phone and asked if he should
"call the cops." She replied, "Yes, whatever it takes." Lorie eventually agreed to follow
Appellant back to his house. However, she ultimately drove Appellant to his house in her
car because he promised her that he would get her a "20" of methamphetamine. 

 When they arrived at Appellant's house, Appellant tried to persuade her to come
inside. But she refused and told him to "just go in and get what I need, and let me leave." 
As the two talked in the front yard, the police and Alberto arrived. Lorie testified that when
they saw the police, Appellant was not holding her arm and they were not struggling. 
When the officers approached, Lorie told them, "It's okay. It's okay." She also told
Appellant "not to worry" and "everything would be okay." When Appellant was handcuffed
and placed in the patrol car, Lorie stated that it was "shocking" and she became upset and
confused as to why the officers were arresting him. 

 Regarding her discussions with the officers, Lorie recalled telling them about the
argument at Big Lots but also recalled telling them that she did not believe she had been
kidnapped. She testified that when she told the officers everything was okay, Alberto
squeezed her arm and whispered "shut the fuck up, bitch."

 We conclude Lorie's testimony raised a factual dispute as to Appellant's arrest 
because that evidence, if believed, negated some of the facts asserted by Corporal O'Neill
as the grounds for probable cause to arrest Appellant. Considering the conflicting
accounts as to the facts surrounding Appellant's original detention and subsequent arrest,
we agree that the evidence at least raised a factual dispute regarding whether Corporal
O'Neill had probable cause to arrest Appellant for kidnapping. Consequently, we find that
the trial court erred when it refused Appellant's request for an instruction pursuant to article
38.23.

 Having determined that the trial court erred, we now consider whether there was
sufficient harm to require reversal. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1984) (op. on reh'g). The standard for determining whether sufficient harm resulted from
the charge error to require reversal depends upon whether the appellant made a timely
objection to the charge. Id. When, as here, the appellant has made a timely objection,
charge error will require reversal "only as long as the error is not harmless." Id. The
degree of harm may be determined in light of the entire jury charge, the state of the
evidence, including the contested issues and the weight of the probative evidence, the
arguments of counsel, and any other relevant information in the record. Id.

 In the present case, if instructed pursuant to article 38.23, the jury could have
believed Lorie's testimony and determined that Corporal O'Neill was not justified in
arresting Appellant for her kidnapping. In that event, they would have been instructed to
disregard the drug evidence obtained as a result of the search incident to the arrest. See 
art. 38.23. Because the jury was not provided this option, we conclude the trial court's
failure to provide an article 38.23 instruction was harmful and sustain Appellant's fifth
issue. Our disposition of this issue pretermits Appellant's remaining issues.

 Accordingly, we reverse the trial court's judgment and remand the cause for further
proceedings.


 Patrick A. Pirtle

 Justice



Publish.
1. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00006-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
25, 2010

 



 

ANDREW LEE BANDA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B17228-0705; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant
Andrew Lee Banda appeals from the trial courts adjudication of his guilt for
the offense of burglary of a habitation and the resulting sentence of ten years
of imprisonment.  Appellant's
attorney has filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App.
2008).  Agreeing with appointed counsel=s conclusion the record fails to show
any arguably meritorious issue that could support the appeal,
we affirm the trial court=s judgment.

 

Background

            In
August 2007, appellant plead guilty to the offense of burglary of a
habitation.  The trial court deferred
adjudication of guilt and placed appellant on community supervision for a
period of four years.  Appellants
community supervision was conditioned on his
compliance with specified terms and conditions. 
In October 2009, the State filed a motion to proceed with an
adjudication of guilt and the court heard the motion in December 2009.

            Appellant plead true
to the allegations.  The record also
contains documents signed by appellant, including a stipulation of evidence and
revocation of probation form.  Appellant
testified, admitting to possession of 4.2 grams of cocaine when he was
arrested.  The State also presented the
testimony of appellants community supervision officer.  She testified to the new drug offense, as
well as his failure to report, make required payments and fulfill community
service hours. The trial court, based on appellants plea of true and the
evidence presented, revoked his community supervision and adjudicated appellant
guilty. Neither side presented punishment evidence and
the trial court assessed punishment against appellant at ten years of
imprisonment.  This appeal followed.

            Thereafter,
appellant's appointed appellate counsel filed a motion to withdraw and a brief
in support pursuant to Anders in which he certifies that he has
diligently reviewed the record and, in his professional opinion, under the
controlling authorities and facts of this case, there is no reversible error or
legitimate grounds on which a non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of
the case and the proceedings in connection with the motion to adjudicate guilt.  Counsel discusses the applicable law and sets
forth the reasons he concludes there are no arguably meritorious issues on
which to base an appeal.  Counsel has
certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right
to review the record and file a pro se response. Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.BWaco 1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has not filed a response.

In conformity with the standards set out by the
United States Supreme Court, we will not rule on the motion to withdraw until
we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.BSan Antonio 1997, no pet.).  If this Court determines the
appeal has merit, we will remand it to the trial court for appointment of new
counsel.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).        

In his brief, counsel concludes no arguably
meritorious issues are presented here. 
We agree.            Appellant
entered a plea of true to each of the States allegations.  These admissions alone
warranted the trial court's decision to adjudicate guilt. See Lewis v. State, 195 S.W.3d 205, 209 (Tex. App.-San
Antonio 2006, no pet.) (holding that one's probation can be revoked upon any ground supported by
the evidence). Nevertheless, the State also presented evidence illustrating the
grounds alleged in its motion. Thus, the trial court had basis upon which to adjudicate appellant's guilt. 

We note also appellants punishment was within the
permissible range for a second degree felony. 
Appellant originally pleaded guilty to burglary of a habitation, an
offense with an applicable punishment range of not more than 20 years or less
than 2 years.  See Tex. Penal Code Ann. § 12.33 (Vernon
2003).  The trial court sentenced
appellant to ten years of imprisonment, a term well within the applicable
range.  It
is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814
(Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have
traditionally held that as long as the sentence is
within the range of punishment established by the Legislature in a valid statute, it does not
violate state or federal prohibitions).

Our review
convinces us that appellate counsel conducted a complete review of the
record.  We have also made an independent
examination of the record to determine whether there are any arguable grounds
which might support the appeal from the revocation and sentence.  We agree it presents
no arguably meritorious grounds for review.  Accordingly, we grant counsel's motion to
withdraw[1] and
affirm the judgment of the trial court.

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not
publish.











[1] Counsel shall, within five
days after the opinion is handed down, send his client a copy of the opinion
and judgment, along with notification of the defendant=s right to file a pro se petition
for discretionary review.  See Tex.
R. App. P. 48.4.