IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30941

Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

MILTON ALEXANDER, also known as Bug,

                              Defendant-Appellant.

------------------------------------------------------------------

No. 99-31078

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

MICHAEL DONNELL BROWN,
also known as Hammer, Officer,

                              Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Louisiana
(98-CR-30024)

_____

January 12, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel for Milton Alexander and court-appointed counsel for Michael Donnell Brown have each moved to withdraw and have filed briefs as required by *Anders v. California*, 386 U.S. 738 (1967). Brown's motion to file a supplemental brief is GRANTED.[1]

We have independently reviewed the briefs submitted by counsel, the responses filed by Alexander and Brown, and the record in both appeals, and we have found no nonfrivolous issue.[2] Accordingly, counsel are excused from further responsibilities herein, and the APPEALS ARE DISMISSED. *See* 5th Cir. R. 42.2.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In his supplemental brief, Brown argues that *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), prevents courts from determining drug amounts for purposes of applying the sentencing guidelines (within the ranges prescribed by 21 U.S.C. § 841(b)). This argument has been completely foreclosed by *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000).

[2] Counsel for Brown notes that it is arguable that Brown's counsel was ineffective. Counsel for Brown correctly notes, however, that any claim of ineffective assistance of counsel must be raised on collateral attack under 28 U.S.C. § 2255, and not on direct appeal, since no such claim was raised before the district court. *United States v. Armendariz-Mata*, 949 F.2d 151, 156 (5th Cir. 1991).

2