COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-138-CR

GARY WAYNE BEST                                                              APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
367TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
OPINION
 
------------
        Gary Wayne Best appeals his conviction for possession of a controlled 
substance and sentence of two years’ confinement in a state jail facility. In 
seven points on appeal, he asserts that the trial court erred by overruling his 
motion to suppress, by admitting evidence regarding extraneous offenses, and 
by denying his requested jury instructions and definitions. He also claims that 
the evidence is legally and factually insufficient to support the jury’s findings. 
We affirm. 
BACKGROUND FACTS
        On June 16, 2001, motorcycle police officer Kirk Labhart clocked an 
Oldsmobile Cutlass, driven by appellant, traveling at 97 miles per hour on 
Interstate 35W within the corporate city limits of Flower Mound, where the 
posted speed limit was 70 miles per hour. Officer Labhart stopped the vehicle, 
and appellant provided the officer with a valid driver’s license and an expired 
insurance card. The officer noticed that the car had an expired inspection 
sticker, and the officer checked the vehicle’s registration and learned that 
appellant was the registered owner. Officer Labhart wrote a citation for the 
three violations. 
        Officer Labhart then searched the car. Inside the car, Officer Labhart 
found an envelope containing two substances that were later determined to be 
methamphetamine. Officer Labhart then arrested appellant, and Officer Misty 
Sparby was called to the scene where she took possession of the narcotics 
evidence, which she booked into evidence after she took appellant to jail. After 
his arrest, appellant made statements to both officers acknowledging that the 
drugs were his. 
MOTION TO SUPPRESS
        In his first point, appellant complains that the trial court erred by 
overruling his motion to suppress evidence of the drugs seized during a search 
of his car. Appellant argues that the search of his car was unreasonable 
because, contrary to the police officer’s testimony, he did not consent to the 
search or, alternatively, his consent was not voluntary or he was illegally 
detained when the officer asked for consent. 
        We review the denial of a motion to suppress for abuse of discretion, 
giving almost total deference to a trial court’s determination of historical facts 
and reviewing de novo the court’s application of the law. Carmouche v. State, 
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). At a suppression hearing, the 
trial judge is the sole trier of fact and judge of the credibility of the witnesses 
and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 
855 (Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d 539, 543 (Tex. 
Crim. App. 1990). Thus, the trial court may disbelieve any portion of a 
witness’s testimony, even if the testimony is uncontroverted. Ross, 32 S.W.3d 
at 855. 
        In reviewing the trial court’s decision, an appellate court does not engage 
in its own factual review. Romero, 800 S.W.2d at 543. Instead, we give 
almost total deference to the trial court’s rulings on (1) questions of historical 
fact and (2) application-of-law-to-fact questions that turn on an evaluation of 
credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. 
Crim. App. 2002); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 
1997). In the absence of explicit findings, we assume that the trial court made 
whatever appropriate implicit findings the record supports. Ross, 32 S.W.3d 
at 855-56; Carmouche, 10 S.W.3d at 327-28. 
         In determining whether a trial court’s decision is supported by the record, 
we generally consider only evidence adduced at the suppression hearing 
because the ruling was based on it rather than evidence introduced later. 
Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 
U.S. 1043 (1996). However, this general rule is inapplicable where the 
suppression issue has been consensually relitigated by the parties during trial 
on the merits, and when the issue is relitigated, consideration of relevant trial 
testimony is also appropriate in our review. Id. In this case, the issue was 
raised again at trial. 
        The Fourth Amendment guarantees people the right to be “secure in their 
persons, houses, papers, and effects, against unreasonable searches and 
seizures.” U.S. Const. amend. IV. As a result, searches made without a 
warrant are generally per se unreasonable. Mendoza v. State, 30 S.W.3d 528, 
531 (Tex. App.—San Antonio 2000, no pet.). When a search without a 
warrant is made, the State bears the burden to show that the search falls 
within one of the narrow exceptions to the warrant requirement in order for the 
search to be constitutionally permissible. Id. A warrantless search and seizure 
can be justified under four exceptions: the plain view doctrine, consent, the
emergency doctrine, and the automobile exception. U.S. v. Armendariz-Mata,
949 F.2d 151, 153-54 (5th Cir. 1991), cert. denied, 504 U.S. 945 (1992);
Morgan v. State, 906 S.W.2d 620, 629 (Tex. App.—Fort Worth 1995, pet.
ref’d), cert. denied, 519 U.S. 865 (1996).
        To show that the search was made with the property owner’s consent 
and trigger the consent exception to the warrant requirement, the State must 
prove by clear and convincing evidence, based on the totality of the 
circumstances, that the defendant gave consent freely and voluntarily. 
 

 Reasor 
v. State, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000); Meeks v. State, 692
S.W.2d 504, 509 (Tex. Crim. App. 1985). 
        At the suppression hearing, Officer Labhart testified that after he gave 
appellant a traffic citation and returned his driver’s license and insurance card, 
he asked for permission to look inside appellant’s vehicle, and appellant 
consented. The officer testified that appellant was not in handcuffs when he 
consented to the search, nor did the officer indicate by words or actions that 
appellant was required to give consent. Indeed, the officer had been trained to 
return a person’s driver’s license and insurance card before requesting consent 
to search in order to imply that the person was free to go. Had appellant 
refused consent, Officer Labhart testified he would have been free to drive 
away. 
        When appellant first consented to the search, he said, “Sure, go ahead,” 
and then opened the trunk for the officer. When asked for permission to look 
inside the passenger compartment, appellant consented a second time by 
saying, “No problem.” The narcotics were found inside an envelope that was 
positioned between the driver’s seat and the console. On cross-examination, 
the officer testified that he did not recall having his gun drawn as he 
approached appellant’s car, requesting appellant to place his hands on the 
steering wheel, asking whether appellant was right-handed or left-handed, or 
asking appellant to pull the keys out of his car and hand them to the officer. 
The officer was certain he did not tell appellant he was going to search his car 
as he was completing the traffic citations, nor did he tell appellant he fit a 
certain profile. 
        Appellant testified at the suppression hearing that Officer Labhart 
approached his vehicle with his revolver drawn. According to appellant, Officer 
Labhart was angry when he ran a driver’s license check and found that 
appellant had lied to him about his arrest record. Appellant testified the officer 
asked for consent to search before giving appellant the citations and that 
appellant refused consent. According to appellant, Officer Labhart continued 
to “badger” him, told appellant he fit a profile for a possible drug user, and 
informed appellant that he was going to search appellant’s person and car. 
Appellant testified that the officer never returned appellant’s driver’s license, 
that the officer threatened to bring out a drug-sniffing dog, and that appellant 
unlocked his trunk and glove compartment only after the officer ordered him to 
do so during the encounter. On cross-examination, appellant admitted he lied 
when Officer Labhart asked him whether there were narcotics inside the car 
because he did not want to incriminate himself. At the conclusion of the 
suppression hearing, the trial court denied appellant’s motion to suppress. 
        Appellant did not testify at trial; however, he did object to the 
introduction of the narcotics evidence on the same grounds raised in his motion 
to suppress. At trial, the officer’s testimony pertaining to appellant’s consent 
was essentially consistent with his testimony at the pretrial hearing, except
that, at trial, the officer further testified that he was close enough to appellant
to have heard appellant withdraw his consent had he done so. During cross-examination at trial, the officer indicated that he first mentioned a search of
appellant’s car during his initial contact with appellant. Also during cross-examination, the officer testified he did not verbalize that appellant was free to
go, but that, in fact, appellant was free to go once the officer had returned
appellant’s items. The officer testified he was wearing his uniform, had a
marked vehicle, and did not obtain written consent. When questioned about
the pretrial hearing, the officer testified that he had not heard appellant say he
had refused consent. 
        Because Officer Labhart and appellant gave contradictory testimony on 
the issue of consent, resolution of the factual issues of whether appellant 
voluntarily consented to a search of his vehicle or was illegally detained when 
asked for consent turned on a determination of the credibility and demeanor of 
the two witnesses. See Guzman, 955 S.W.2d at 89. Deferring, as we must, 
to the trial court’s credibility determinations and to the historical facts impliedly 
found by the trial court when it denied appellant’s motion to suppress, we hold 
that the trial court did not abuse its discretion by concluding that appellant 
voluntarily consented to a search of his car and that the officer’s request for 
permission to search was not unreasonable. We overrule point one. 
EXTRANEOUS OFFENSES
        In his second point, appellant complains that the trial court erred by 
denying his motion in limine regarding the extraneous offenses of speeding, 
having an expired inspection sticker, and having an expired insurance card, and 
by allowing testimony regarding the offenses over his objection. He claims that 
this evidence was irrelevant and unduly prejudicial. 
        It is axiomatic that motions in limine do not preserve error. Webb v. 
State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988), cert. denied, 491 U.S. 
910 (1989). This is true whether the motion is granted or denied. Willis v. 
State, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 
908 (1990). A trial court’s ruling concerning the admission of evidence is 
reviewed under the abuse-of-discretion standard. Weatherred v. State, 15 
S.W.3d 540, 542 (Tex. Crim. App. 2000). 
        Extraneous offenses are admissible as same-transaction contextual 
evidence when they are so intertwined with the charged offense that testimony 
cannot be given regarding the charged crime without showing the extraneous 
offense as well or when the charged offense would make little or no sense 
without also bringing in the same-transaction evidence. Wyatt v. State, 23 
S.W.3d 18, 25 (Tex. Crim. App. 2000); Rogers v. State, 853 S.W.2d 29, 33 
(Tex. Crim. App. 1993). In this case, evidence of speeding was same-transaction contextual evidence necessary to explain why Officer Labhart 
stopped appellant. Furthermore, the probative value of the speeding evidence
was not substantially outweighed by a danger of unfair prejudice. See Tex. R.
Evid. 403. Speeding is a common traffic violation, and it is unlikely the jury
would have convicted appellant on the possession of narcotics offense merely
on evidence that appellant was driving faster than the posted speed limit. 
        Admission of the evidence concerning having an expired insurance card 
and expired inspection sticker is a closer call because the relevance of that 
evidence is questionable. However, we conclude that this evidence was 
likewise same-transaction contextual evidence because when an officer stops 
a driver for speeding, he routinely checks the driver’s insurance card and 
inspection sticker. Thus, the expired insurance card and expired inspection 
sticker offenses were intertwined with the speeding offense as part of the 
officer’s investigation of the speeding offense, and the speeding offense was 
necessary to explain the possession-of-a-controlled substance charge. 
        Moreover, even if the trial court erred by admitting evidence concerning 
the expired insurance card and expired inspection sticker, we conclude that 
appellant was not harmed. The erroneous admission of an extraneous offense 
does not constitute constitutional error. Avila v. State, 18 S.W.3d 736, 741-42 (Tex. App.—San Antonio 2000, no pet.). Therefore, we are to disregard the 
error unless it affected appellant’s substantial rights. Tex. R. App. P. 44.2(b). 
A substantial right is affected when the error had a substantial and injurious
effect or influence on the jury’s verdict. King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750, 776,
66 S. Ct. 1239, 1253 (1946)); Coggeshall v. State, 961 S.W.2d 639, 643
(Tex. App.—Fort Worth 1998, pet. ref’d). In making this determination, we
review the record as a whole. Kotteakos, 328 U.S. at 764-65, 66 S. Ct. at
1248.
        The State did not emphasize the expired insurance card or expired 
inspection sticker during the case, and the trial court instructed the jury that it 
could only consider the complained-of evidence in determining the context of 
appellant’s arrest. Aside from the substantial evidence of appellant’s guilt, we 
conclude that the nature of the offenses was not such that the complained-of 
evidence would have been unduly prejudicial or had a substantial and injurious
effect or influence on the jury’s verdict in a narcotics case. See Motilla v.
State, 78 S.W.3d 352, 359 (Tex. Crim. App. 2002).  We overrule point two. 
INSTRUCTION TO DISREGARD WITNESS TESTIMONY
        At trial, Officer Labhart testified that during the pretrial hearing, appellant 
admitted that the narcotics were his. The officer clarified that he did not 
personally hear appellant’s pretrial testimony, but he had read the reporter’s 
record from that hearing. In his third point, appellant claims the trial court erred 
by denying his request to instruct the jury to disregard Officer Labhart’s
testimony. On appeal, appellant contends that because the officer was not
present when appellant testified, the officer did not have personal knowledge
of appellant’s pretrial testimony and thus could not testify to it. At trial,
however, appellant did not object on the basis of lack of personal knowledge. 
Indeed, appellant made no objection whatsoever to this line of questioning, but
instead requested an instruction to disregard at the conclusion of the testimony
without offering the basis for his requested instruction. Therefore, because
appellant did not raise his lack-of-personal-knowledge objection at trial, he has
waived the right to assert it on appeal. See Tex. R. App. P. 33.1(a)(1)(A).
        Appellant also complains that the trial court’s failure to instruct the jury 
to disregard was erroneous because appellant’s testimony at the pretrial hearing 
could not be used against him at trial. When a defendant testifies in support 
of a motion to suppress evidence, his testimony may not thereafter be admitted 
against him at trial on the issue of guilt unless he makes no objection. Riojas 
v. State, 530 S.W.2d 298, 302 n.1 (Tex. Crim. App. 1975) (quoting Simmons 
v. United States, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968)). Again, 
appellant did not object to the complained-of testimony at trial and has waived 
his complaint on appeal. See Tex. R. App. P. 33.1(a)(1)(A). We overrule point 
three.
 
JURY CHARGE 
Reasonable Doubt Definition
        In point four, appellant claims that the trial court erred by denying his 
request to delete all references to the definition of “beyond a reasonable doubt” 
from the jury charge. Appellant objected to the following language: “It is not 
required that the prosecution prove guilt beyond all possible doubt; it is required 
that the prosecution’s proof excludes all reasonable doubt concerning the 
defendant’s guilt.” In Vosberg v. State, the trial court submitted a jury charge 
containing this same language. 80 S.W.3d 320, 323 (Tex. App.—Fort Worth 
2002, pet. ref’d). We concluded that merely giving a reasonable doubt 
definition in a jury charge does not constitute reversible error, and the trial court 
did not err by submitting a jury charge distinguishing reasonable doubt from 
possible doubt. Id. at 823-24 . We likewise hold the same here and overrule 
point four. 
Exclusionary Rule Instruction
        In his fifth point, appellant claims the trial court erred by denying his 
requested instruction regarding the exclusionary rule in the court’s charge. 
Article 38.23 of the code of criminal procedure provides: 
(a) No evidence obtained by an officer or other person in violation
of any provisions of the Constitution or laws of the State of Texas,
or of the Constitution or laws of the United States of America, shall
be admitted in evidence against the accused on the trial of any
criminal case. 
 
In any case where the legal evidence raises an issue 
hereunder, the jury shall be instructed that if it believes, or has a 
reasonable doubt, that the evidence was obtained in violation of 
the provisions of this Article, then and in such event, the jury shall 
disregard any such evidence so obtained. 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2003). 
        The terms of article 38.23 are clearly mandatory, the only issue being 
whether under the facts of a particular case an issue concerning the validity of 
the search is raised by the evidence. Id.; Brooks v. State, 642 S.W.2d 791, 
799 (Tex. Crim. App. 1982); Jordan v. State, 562 S.W.2d 472, 472 (Tex. 
Crim. App. 1978). Where no such issue is raised by the evidence, the trial 
court acts properly in refusing such a request. Brooks, 642 S.W.2d at 799; 
Jordan, 562 S.W.2d at 472. 
        In his brief, appellant contends that the instruction was necessary 
because there was evidence that appellant’s consent to the search, if any, was 
not made freely and voluntarily, and, in the alternative, if there was voluntary 
consent, the officer’s search exceeded the scope of the consent. Appellant did 
not request a jury instruction based on his claim that the search exceeded the 
scope of appellant’s consent; therefore, he has waived that issue on appeal. 
See Tex. R. App. P. 33.1(a). 
        As discussed above in connection with the motion-to-suppress issue, 
there was no evidence at trial that appellant refused to consent or that his 
consent was not made freely and voluntarily. Therefore, there was no fact 
question concerning the validity of the search, and the trial court did not err by 
denying the requested exclusionary-rule instruction. We overrule point five.                                       Parole Law Instruction 
        During the punishment jury charge conference, appellant requested an 
instruction regarding the inability to earn good conduct time and the absence 
of parole laws for inmates sentenced to a term of imprisonment in a state jail 
facility. In his sixth point, appellant asserts that the trial court erred by denying 
this requested jury instruction. 
        It is true that a person convicted of a state jail felony is not entitled to 
parole or good conduct time. See Tex. Gov’t Code Ann. § 508.141(a) (Vernon 
1998); Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(1) (Vernon Supp. 2003); 
Torres v. State, No. 06-98-00313-CR, 1999 WL 387503, at *1(Texarkana 
June 4, 1999, no pet.) (not designated for publication). The code of criminal 
procedure contains jury charge instructions concerning the possibility of parole
and good time credits for persons convicted of first, second, or third-degree
felonies who are subject to imprisonment in the Institutional Division of the
Texas Department of Corrections. Tex. Code Crim. Proc. Ann. art. 37.07
(Vernon Supp. 2003). It is silent, however, concerning the unavailability of
parole and good time credits for persons convicted of state jail felonies. 
Because the legislature has not specified that juries be informed that parole or
good-conduct time does not apply to state jail felonies, we conclude that such
an instruction is not required, appellant was not entitled to such an instruction,
and the trial court did not err in refusing to so instruct the jury. We overrule
point six. 
SUFFICIENCY OF THE EVIDENCE
        In his seventh point, appellant asserts that the evidence is legally and 
factually insufficient to support the verdict. In reviewing the legal sufficiency 
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard
gives full play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When
performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our
judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must 
determine whether a neutral review of all the evidence, both for and against the 
finding, demonstrates that the proof of guilt is so obviously weak as to 
undermine confidence in the verdict, or the proof of guilt, although adequate if 
taken alone, is greatly outweighed by contrary proof. Id. In performing this 
review, we are to give due deference to the fact finder’s determinations. Id. at 
8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment for that 
of the fact finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find 
the evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 
(Tex. Crim. App. 1997). 
        To make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d at 
12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
        Appellant’s sole argument under this point is that the evidence is legally 
and factually insufficient to show that the narcotics testified about and 
admitted at trial are the same as the narcotics Officer Labhart claimed to have 
found in appellant’s car. Officer Labhart testified that inside an envelope 
located between the driver’s seat and the console he discovered a small 
syringe, a small baggie with a brown powdered substance, and a white, rock-type substance wrapped inside the foil of a gum wrapper. Officer Labhart 
testified that the substances admitted as State’s Exhibits 3 and 4 were the 
same ones he located in the envelope in appellant’s car. Both Officers Labhart 
and Sparby testified to the chain of custody, and a criminalist from the Texas 
Department of Public Safety testified that the substances in Exhibits 3 and 4 
were methamphetamine. None of this testimony was disputed. During closing 
argument, however, appellant’s attorney argued that the exhibits, which he 
described as two brown, rock-like substances, did not match the officer’s 
description of the narcotics found in the car. The exhibits were available for the 
jury to examine during deliberations. 
        Viewing the evidence under the appropriate standards of review, we hold 
that the evidence is both legally and factually sufficient to support the jury’s 
findings. Accordingly, we overrule point seven. 
CONCLUSION
        Having overruled all of appellant’s points, we affirm the trial court’s 
judgment.
 
                                                          ANNE GARDNER 
                                                          JUSTICE
 
 
PANEL F:   DAY, LIVINGSTON, AND GARDNER, JJ. 
 
PUBLISH
 
DELIVERED: September 25, 2003